OPINION
Plaintiff-appellant the State of Ohio appeals from the November 9, 1999, Judgment Entry of the Mansfield Court granting defendant-appellee Ronald Ross' Motion to Suppress.
 STATEMENT OF THE FACTS AND CASE
On July 4, 1999, appellee Ronald Ross was cited for operating a motor vehicle under the influence of alcohol or drugs (OMVI) in violation of R.C. 4511.19(A)(1), failure to wear a safety belt in violation of R.C. 4513.26.3(B)(1), driving under a suspended license in violation of R.C. 4507.02(A)(1), and "failure to drive on right half of roadway" in violation of R.C. 4511.26. At his arraignment on July 7, 1999, appellee entered a plea of not guilty to the above charges. A Motion to Suppress was filed by appellee on August 26, 1999. Appellee, in his motion, sought to suppress all evidence obtained as a result of the stop of his vehicle, arguing, in part, that there was no reasonable articulable suspicion for such stop. A hearing on appellee's motion was held on October 7, 1999. The following evidence was adduced at the hearing. On July 4, 1999, at approximately 1:40 a.m., Trooper Jason Rodriguez of the State Highway Patrol, who was in uniform, was sitting in a stationary marked cruiser when he observed a blue 1982 Plymouth driven by appellee turn onto Hickory Lane from Illinois Avenue. Trooper Rodriguez testified that as the Plymouth turned onto Hickory, "it was traveling down the middle of the road." Transcript of Proceedings at 5. Hickory Lane, according to Trooper Rodriguez, is a two lane tar and chip road without a centerline, edge markings or a berm. When the trooper, who did not know the width of the roadway, caught up with the Plymouth approximately a half mile down Hickory, the Plymouth was still traveling down the middle of the Hickory Lane. Trooper Rodriguez did not observe any other vehicles during such time. At the suppression hearing, Trooper Rodriguez testified that appellee was not speeding or weaving in any manner. However, based on his observation that appellee "[j]ust split the road in half and drove down the middle of it," Trooper Rodriguez initiated a traffic stop of appellee's vehicle. Transcript of Proceedings at 7. Appellee subsequently was charged with OMVI, driving under a suspended license, failure to wear a safety belt, and "failure to drive on right half of roadway" in violation of R.C. 4511.26. At the October 7, 1999, hearing, appellee testified that he was not driving in the middle of Hickory Lane but rather "[o]ff to the probably left of center a little." Transcript of Proceedings at 22. Appellee, however, admitted that he could have been in the middle of the road in "spots." Id. Appellee further testified that Hickory Lane is 15 feet and 10 inches wide and has a lot of potholes and ruts. A photograph showing the width of the roadway was admitted into evidence and marked as Defendant's Exhibit A. At the conclusion of the hearing, the trial court took the matter under advisement. Thereafter, pursuant to a Judgment Entry filed on November 9, 1999, the trial court granted appellee's Motion to Suppress. The trial court, in its entry, specifically held as follows:
 "The Court finds that the law in Ohio is quite clear that to stop a defendant there needs to be more than just a minimal violation and the Court views defendant's driving in the manner explained by the officer to be a minimal violation. It is clear upon review of the record and defendant's Exhibit Number One that it was much safer for the defendant to operate his vehicle more toward the middle of the roadway."
It is from the trial court's November 9, 1999, Judgment Entry that appellant prosecutes its appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT-APPELLEE'S MOTION TO SUPPRESS ON THE GROUND THAT THE TROOPER DID NOT HAVE SUFFICIENT REASONABLE AND ARTICULABLE SUSPICION TO INITIATE A STOP OF THE DEFENDANT-APPELLEE'S VEHICLE.
 STANDARD OF REVIEW
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982) 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger (1993) 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993),85 Ohio App.3d 623, 627, and State v. Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 I
Appellant, in its sole assignment of error, argues that the trial court erred when it granted appellee's motion to suppress. Appellant specifically contends that Trooper Rodriguez had a reasonable, articulable suspicion to stop appellee's vehicle. A motorist may be detained where the officer has probable cause to believe that a traffic violation has occurred. Delaware v. Prouse (1979), 440 U.S. 648. If the officer has a reasonable, articulable suspicion that an offense has occurred, an investigatory stop of a motor vehicle is justified. Terry v. Ohio (1968), 392 U.S. 1. The constitutional reasonableness of a traffic stop does not depend on the motivation of the officer. Whren v. United States (1996),116 S.Ct. 1769. "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12. Appellee, in the case sub judice, was incorrectly charged with violating R.C. 4511.26 rather than R.C. 4511.26. R.C. 4511.25
requires a motor vehicle, except in specified circumstances, to drive upon the right half of a roadway. In turn, R.C. 4511.26
provides as follows:
 "Operators of vehicles and trackless trolleys proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction, each operator shall give to the other one-half of the main traveled portion of the roadway or as nearly one-half as is reasonably possible."
As appellee correctly notes, such statute clearly is inapplicable since no vehicles were proceeding in an opposite direction from appellee's vehicle. Furthermore, we concur with the trial court that Trooper Rodriguez lacked a reasonable articulable suspicion to stop appellee's vehicle. The testimony adduced at the suppression hearing clearly established that Hickory Lane is a narrow country road without any centerline, edge markings or berm. While the trooper was unsure of the width of the roadway, appellee testified that he measured Hickory Lane at 15 feet and ten inches in width. Appellee also produced a photograph showing the narrowness of the roadway. Based on the condition and width of the roadway, we concur with the trial court's holding that "it was much safer for the defendant to operate his vehicle more towards the middle of the roadway." Trooper Rodriguez, therefore, did not have a reasonable, articulable suspicion to stop appellee's vehicle.
For the foregoing reasons, appellant's sole assignment of error is overruled. The judgment of the Mansfield Municipal Court is affirmed.
GWIN, P.J. and WISE, J. CONCUR.